11-2029-ag
Liu v. Holder

BIA
Vomacka, IJ
A088 783 121/122

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand twelve.

PRESENT:
JOSÉ A. CABRANES,
GERARD E. LYNCH,
SUSAN L. CARNEY,
    Circuit Judges.
_____

XIUZHI LIU, DEXIU LIU,
        *Petitioners*,

        v.                                    11-2029-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONERS:        Thomas V. Massucci, New York, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Nancy E. Friedman, Senior
                        Litigation Counsel; Christina Bechak
                        Parascandola, Trial Attorney, Office
                        of Immigration Litigation, U.S.
                        Department of Justice, Washington,
                        D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioners Xiuzhi Liu and Dexiu Liu, natives and citizens of the People's Republic of China, seek review of the April 21, 2011, decision of the BIA affirming the August 26, 2009, decision of an Immigration Judge ("IJ"), pretermitting Xiuzhi's application for asylum as untimely and denying her withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xiuzhi Liu, Dexiu Liu*, Nos. A088 783 121/122 (B.I.A. Apr. 21, 2011), *aff'g* Nos. A088 783 121/122 (Immig. Ct. N.Y. City Aug. 26, 2009).[*] We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, we lack jurisdiction to review the agency's decision insofar as it pretermitted Xiuzhi's untimely asylum application. *See* 8 U.S.C. § 1158(a)(3). However, we may review Xiuzhi's challenges to the agency's denial of withholding of removal and CAT relief.

---

[*] Dexiu Liu was included as a derivative beneficiary on Xiuzhi Liu's asylum application. *See* 8 U.S.C. § 1158(b)(3)(A) (providing that the spouse of an alien granted asylum may receive derivative asylee status).

2

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008); *Aliyev v. Mukasey*, 549 F.3d 111, 115 (2d Cir. 2008).

Substantial evidence supports the agency's determination that petitioners were not credible as to their assertion that Xiuzhi had suffered past persecution on account of her religion and violation of China's family planning policy. For asylum applications governed by the REAL ID Act, such as the application in this case, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.

In finding petitioners not credible, the agency reasonably relied in part on discrepancies between their

3

testimony regarding their dates of arrival in the United States, their interactions with family planning officials, and their flight into hiding. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. Moreover, a reasonable factfinder would not be compelled to credit petitioners' explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

In addition, the agency reasonably questioned the plausibility of certain aspects of petitioners' testimony, including Dexiu's assertion that, although village officials sought to arrest him for nine years, they were unable to do so despite the fact that he spent the majority of each of those years working and living in that village, and only a few months of those years "hiding" at his sister's house. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (holding that an implausibility finding that is based on "speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience."). Moreover, having questioned petitioners' credibility, the agency reasonably relied

4

further on their failure to provide evidence corroborating their assertions that Xiuzhi's abortion was performed by force and that she suffered past persecution on account of her religion.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (recognizing that an applicant's failure to corroborate testimony may bear on credibility, either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question).

Ultimately, the agency's adverse credibility determination regarding petitioners' assertion of past persecution was supported by substantial evidence. Although the BIA interpreted the IJ's adverse credibility determination as disposing of Xiuzhi's claim that she feared future persecution, the IJ determined that, even assuming that Xiuzhi was a practicing Christian and that she had violated the family planning policy, she did not satisfy her burden of demonstrating a likelihood that she would be persecuted or tortured on those grounds.  It would be futile to remand for the BIA to correct its erroneous interpretation of the IJ's decision because petitioners do

5

not challenge the IJ's determination that they failed to establish a likelihood that Xiuzhi would be persecuted under the family planning policy, and because, as discussed below, the IJ reasonably determined that Xiuzhi failed to demonstrate a likelihood of persecution on account of her religion. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (finding that remand is futile where the Court can confidently "predict that the agency would reach the same decision absent the errors that were made" (internal quotation marks and citations omitted)).

The IJ did not err in finding that the country conditions evidence in the record failed to demonstrate a likelihood that Xiuzhi would be persecuted on account of her religion because, as he noted, the U.S. Department of State report, "2008 Human Rights Report: China" ("2008 Report"), indicated that the Chinese government's treatment of unregistered churches varied from region to region with members of unregistered churches in some areas experiencing harassment and detention and members in other regions practicing without interference, and Xiuzhi did not submit country conditions evidence regarding the treatment of practitioners in her home province of Fujian. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the

6

absence of solid support in the record for [petitioner's] assertion that he will be subjected to [persecution], his fear is speculative at best"); *cf.* 8 C.F.R. § 1208.16(b)(2) (providing that an applicant for withholding of removal cannot demonstrate a likelihood of persecution if "the applicant could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal and, under all the circumstances, it would be reasonable to expect the applicant to do so."). Moreover, the IJ did not err in finding that Xiuzhi's claimed fear of persecution was diminished by the fact that her unregistered church group, which used to practice in members' houses to avoid detection by officials, had obtained a building for worship with an address and phone number. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding that where similarly situated family members remain unharmed in petitioner's native country, a claimed fear of future persecution is weakened). Accordingly, the IJ reasonably denied Xiuzhi withholding of removal and CAT relief insofar as those claims were based on her religion. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed

our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk